IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| **GRAHAM BOSWELL,** *Plaintiff,* | : : : : : : : : : : : |
| v. | |
| **WOFFORD COLLEGE, CATHERINE RAND, and DAVID HOGSED,** *Defendants.* | |

Civil Action No. 7:23-cv-05467-JDA

## <u>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS WOFFORD AND HOGSED'S MOTION FOR SUBPOENA</u>

Now comes the Plaintiff, Graham Boswell, by the undersigned counsel, and hereby submits the following in opposition to Defendants Wofford College ("Wofford") and David Hogsed ("Hogsed")'s November 27, 2024 Motion for Subpoena for Military Records (ECF No. 62). Defendants Wofford and Hogsed ask the Court to "execute a subpoena issued to the Chief of the United States Army Litigation Division for the production of certain military records of the Plaintiff Graham Boswell . . ." ECF No. 62 ¶1. Concerningly, the Defendants Wofford and Hogsed seek highly private, sensitive, and confidential US Army documents – specifically, Plaintiff's Army disciplinary and investigative records, as well as his medical and counseling records (collectively the "Army Records").

However, Defendants have already subpoenaed and received Plaintiff's *entire Army personnel file*, in addition to obtaining HIPAA releases for his psychiatric and medical records. While Defendants claim the Army Records are missing, they fail to support their motion with adequate detail regarding the existence or relevance of the Army Records. Indeed, Defendants have *already requested* many of the desired Army Records in their original Army subpoena, and the Army did not refuse any production. Moreover, nearly all the desired Army Records are irrelevant. Defendants' proposed subpoena is a fishing

expedition the Court should not indulge. At the absolute minimum, the Court should deny the motion as to all records save for Plaintiff's disciplinary records, if any, directly bearing on his reputation and future career prospects.

## BACKGROUND

Plaintiff is a current United States Army service member, having commissioned as a Second Lieutenant following his graduation from Wofford College where he was a member of ROTC. *See,* ECF No. 1 ¶315. He brought this case after being falsely accused of, arrested for, and charged with sexually assaulting Defendant Catherine Rand while at Wofford. *See., id.* ¶¶261, 287-88. In this action, he brings the following claims against all defendants: a) Malicious Prosecution, b) Intentional Infliction of Emotional Distress, and c) Civil Conspiracy; against Wofford and Hogsed: False Arrest/Imprisonment; against Hogsed: 42 U.S.C. §1983; against Rand: a) Defamation, and b) Intentional Interference with Prospective Advantage; and against Wofford: a) Breach of Contract, and b) Respondeat Superior. *See, id.* ¶¶259-358. As damages, he seeks recovery for "emotional distress, mental anguish, physical well-being, damages to reputation, past and future economic losses, loss of educational opportunities, and loss of future career prospects" *Id.* p.62.

Defendants have already subpoenaed Plaintiff's Official Military Personnel File. However, they claim that "*upon information and belief*, the documents produced in response to the subpoena by the National Personnel Records Center did not contain all records relevant to this case relating to Plaintiff's role as a United States Army service member." ECF No. 62 ¶2. (Emphasis added.) "Specifically missing . . . were documents that ***may exist*** relating to disciplinary or corrective actions, referrals by commanders for required participation in progress or services to address substance use disorders, investigations, evaluations, medical and treatment records related to substance abuse and other related documentation . . ." *Id.* ¶3 (Emphasis added.)

## ARGUMENT

A. *Defendants Wofford and Hogsed have not shown that relevant information was missing from the Army's response to their original subpoena or that the desired Army Records even exist.*

Defendants' proposed subpoena is thoroughly speculative, grasping, and redundant. They have already subpoenaed Plaintiff's personnel file from the Army, specifically requesting, *inter alia*, his disciplinary and investigative records. The Army duly responded. Regardless, Defendants now seek to *doubly* subpoena the Army for the same records they already requested.

To date, Plaintiff and the Army have readily cooperated with Wofford and Hogsed to give them what they have requested. Defendants Wofford and Hogsed asked, in their First Request for Documents, that Plaintiff "sign and return the original Psychotherapy Notes Authorization and Medical Records Authorization." Plaintiff complied, executing HIPAA compliant authorizations.

Defendants also asked Plaintiff to sign a SF 180 for the release of his military records, which Plaintiff signed on October 17, 2024. This release, which Defendants had filled out beforehand, authorized the release of Plaintiff's Official Military Personnel File (OMPF). According to the SF 180, "The OMPF may include duty stations and assignments, training and qualifications, awards and decorations received, *disciplinary actions*, administrative remarks, enlistment and/or discharge information . . . Report of Separation, and other personnel actions. . .." (Emphasis added.)

Following Plaintiff's execution of the SF 180, Defendants Wofford and Hogsed issued a subpoena to the Army. Specifically, they asked for "a copy of the *entire* Official Military Personnel File . . ." Defendants specifically sought Plaintiff's "duty stations and assignments, training and qualifications, awards and decorations received, *investigations and disciplinary actions*, insurance, emergency data, administrative remarks, enlistment and/or discharge information, and other personnel actions." (Emphasis added.) As Defendants note, the Army produced Plaintiff's OMPF. *See,* ECF No. 62 ¶2. Again, the Army did not

refuse to honor any portion of the subpoena. If, as Defendants represent, the Army's production was missing investigative or disciplinary records, it stands to reason that the records do not exist.

Not satisfied with this panoply of Army, medical, and psychiatric documents, Defendants want the Court to order *another* Army subpoena. Again, the Army has never communicated to Defendants that it possesses the desired Army Records but is refusing to produce them. Nor has the Army conditioned further production upon Defendants obtaining a court order. Instead, Defendants merely hypothesize that relevant Army Records *may* exist, using heavily qualified, conclusory language. "*Upon information and belief*, Defendants Wofford and Hogsed are aware that disciplinary and treatment records *likely* exist in the Plaintiff's military file, as they are referenced in other records that have been obtained during discovery." *Id.* ¶5 (Emphasis added.) Wofford and Hogsed provide no specificity or detail. Nor do they attach exhibits or any offer of proof as to which discovery materials they are referring to. Further, Defendants cite no authority for their claim that "Upon information and belief, the United States Army requires the signature of a judge on any subpoena seeking such disciplinary and treatment records of a service member." *Id.* ¶4. Absent an offer of proof to the contrary, the court should not indulge Defendants' blind scavenger hunt, which is based on mere guesswork. Altogether, Defendants' motion is fatally bare bones and should be denied.

B. *Further, the desired Army Records are largely irrelevant, and those that are relevant are unlikely to exist.*

Even if Wofford and Hogsed had adequately supported their motion, they are asking judicial permission to sift through Plaintiff's most private, confidential, and sensitive records in the hope of potentially unearthing relevant evidence. The delicate and personal nature of this request alone should give the Court pause. And except for any documents pertaining to Plaintiff's Army disciplinary history, the desired Army Records are of no relevance.

Fed. R. Civ. P 26 (b)(1) sets the scope of discovery: "Parties may obtain discovery regarding any non-privileged matter *that is relevant to any party's claim or defense . . .*" (Emphasis added.) It also sets limits: the contemplated discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the issues at stake in the action, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Defendants Wofford and Hogsed claim "Any disciplinary and treatment records in the Plaintiff's military file are highly relevant to Plaintiff's allegations in this case including, but not limited, to his allegations that the actions and certain investigations of Defendants Wofford and Hogsed delayed his commission into the United States Army[1] and his claims . . . such as emotional distress and/or reputational damage against Defendants Wofford and Hogsed." ECF No. 62 ¶6. Defendants Wofford and Hogsed want this Court to issue a subpoena for the following materials. Plaintiff will respond to each in turn. *Id.* Exhibit A.

a) Disciplinary or corrective action records;

RESPONSE: Plaintiff's military disciplinary history is perhaps relevant to his reputational harm and future career prospects, specifically his reputation and prospects within the Army.[2] However, as explained above, such records would have been included in his OMPF, had they existed. Defendants have not provided any suggestion that such records exist outside of Plaintiff's OMPF, or that the Army

---

[1] The Army Records bear no relevance to Plaintiff's delayed commissioning into the Army, as any Army Records would reflect events post-dating his commission.

[2] Such records are unlikely to be relevant in any other career context, as private sector employers are unlikely to have access to his disciplinary file.

5

otherwise possesses said records and is holding them back. The only logical conclusion is that these records do not exist.[3]

    b) Investigation records, including any pre-commission investigations;

RESPONSE: Again, Defendants have already subpoenaed such materials from the Army. *See,* p. 3 *supra*. Had these records existed, the Army would have produced them. As with Plaintiff's disciplinary records, the Army has not intimated that it possesses, but is refusing to produce, any "investigative records."

    c) Substance use disorder clinical care records including evaluations, treatment, and rehabilitation records;

    And,

    d) Health information and medical records regarding treatment related to alcohol, drug abuse, mental health treatment, therapy, and counseling records related to any substance abuse, and records regarding prescriptions to treat or support recovery from alcohol use;

RESPONSE: Again, to the extent such records exist, they are highly sensitive, personal and confidential. Accordingly, Defendants Wofford and Hogsed should have to justify their relevance in detail. Instead, they provide no offer of proof as to the *existence* of these materials, let alone their relevance to Plaintiff's reputation, career prospects, or mental anguish. For example, there is no hint that Plaintiff has dealt with a substance abuse issue *so severe* as to affect his reputation or advancement prospects in the Army. As to any emotional or mental distress, Plaintiff has already signed HIPAA releases for his medical and psychiatric records. There is no evidence any substance use in the Army had any impact on his mental or emotional wellbeing, apart from, potentially, substance use resulting from the events of this case.

    e) Command referrals to any program or service, and any related documents; and

---

[3] Should the Court grant the motion as to any Army Records, these records are likely to be confidential and sensitive, if not classified. In such event, Plaintiff requests that the Court a) conduct an *in-camera* review of any records before releasing them to the parties, and b) enter a protective order marking all such records confidential and prohibiting their disclosure to third parties absent order of the court.

RESPONSE: This request is vague and overbroad. Referrals to "*any* program or service" could encompass just about anything, irrespective of any connection to the facts and issues in this case.

f) Prime for Life program records.

RESPONSE: Defendants have not explained what this program is, let alone how the corresponding records, if any, fit into this case. The Court should refuse to order these records for that reason alone.

## CONCLUSION

For the above reasons, Plaintiff asks that the Court deny Defendants' motion. At the very least, the Court should limit the subpoena to Plaintiff's disciplinary records, if any exist.

Respectfully Submitted,

**CINDY CRICK LAW, LLC**

By: */s/ Cynthia Smith Crick*
Cynthia Smith Crick (Fed ID 13076)
416 E. North St., Second Floor
Greenville, SC 29601
(864) 775-5788
cindy@cindycricklaw.com

*Attorney for Plaintiff Graham Boswell*

**NESENOFF & MILTENBERG, LLP**

Andrew Miltenberg, Esq. (Admitted *pro hoc vice*)
Stuart Bernstein, Esq. (Admitted *pro hoc vice*)
Helen Setton, Esq. (Admitted *pro hoc vice*)
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
hsetton@nmllplaw.com

*Attorneys for Plaintiff Graham Boswell*

This 13th day of December 2024.