IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| GRAHAM BOSWELL,<br><br>　　　　　　Plaintiff,<br><br>V.<br><br>WOFFORD COLLEGE, CATHERINE RAND, AND DAVID HOGSED<br><br>　　　　　　Defendants. | C.A. No. 7:23-cv-05467-JDA |

**JOINT STATUS REPORT**

Plaintiff Graham Boswell ("Plaintiff"), by and through his counsel, and Defendants Wofford College ("Wofford"), David Hogsed ("Hogsed"), and Catherine Rand ("Rand"), by and through their respective counsel, submit this Joint Status Report to update the Court on the discovery items as discussed during the telephone conference held by The Honorable Judge Austin on March 31, 2025, at 11:30am ET.

Plaintiff's position is that Plaintiff served discovery demands on Defendants on August 9, **2024** and that the delays in completing discovery are due to Defendants Wofford and Hogsed. Defendants Wofford and Hogsed made their first substantive production on February 25, 2025. Plaintiff's counsel emailed Defendants Wofford and Hogsed's counsel regarding discovery deficiencies jeopardizing the depositions on March 20th and March 21st prior to sending deficiency letters on March 24th and March 26th. To date, Defendants have failed to provide any discovery pertaining to Defendant David Hogsed and Defendants have not moved for an order of protection.

1

On April 1, 2025, Wofford's counsel sent Plaintiff's counsel a link to their production via a new secure file transfer program, which transferred to us dozens of new videos and hundreds of pages of documents not previously available to us. However, Plaintiffs were still unable to open some of the media files transferred. After a Microsoft Teams meeting with counsel and our respective IT professionals, Plaintiffs are now able to access all of the media files transferred including the majority of the Title IX hearing. As we mentioned in a letter to Wofford's counsel. Plaintiff believes a portion of the recording of the Title IX hearing is still missing.

During the Teams Meeting Plaintiff's counsel, Helen Setton, shared her screen with Defendants' counsel to demonstrate what Plaintiff's counsel were able to download from Defendants' original Biscom Link and it was only a small fraction of the files Plaintiff's counsel was ultimately able to download on April 1, 2025.

Although counsel for Defendants Wofford and Hogsed claim to have sent Plaintiff's counsel a letter and an amended response to Plaintiff's demands, we have not received the same. Counsel for Plaintiff sent deficiency letters to Defendants Wofford College and David Hogsed and Defendant Catherine Rand, respectively on April 3, 2025, setting forth documents and records that remain outstanding, which are summarized below. All of the items listed below are responsive to and should have been produced in response to plaintiff's first request for document production. Moreover now that Plaintiff finally has access to Defendants' production Plaintiff is able to particularize certain known files that Defendants have withheld.

<u>Discovery Outstanding from Defendants Wofford College and David Hogsed:</u>

- An amended response to Plaintiff's First Set Of Requests For Production
- A portion of the recording of the Title IX hearing, including portions of Plaintiff's testimony and closing arguments was omitted
- Any documents requested concerning Defendant David Hogsed, including his full employment/personnel file.

- Defendants' insurance information
- Video footage from Wofford's campus safety body worn camera footage:
    - Officer Henson evidence handoff (2/11-12/2022)
    - Officer Saar's interview with Boswell (2/14/2022)
    - Complete video footage of search warrant execution (3/3/2022)
    - Complete video footage of Boswell's arrest (4/11/2022)
- Wofford's campus safety office recorded interviews for:
    - Baird Thoney (3/3/2022)
    - Graham Boswell (4/19/22)
    - Ben Heaton and Jacob Dickson (3/3/2022)
    - Chandler Huskey (3/3/22) [incomplete footage was provided]
    - Light McNiel (3/3/2022) [incomplete footage was provided]
    - Micah Scott (3/3/2022) [incomplete footage was provided]
- Emails between Dean Hammett and the Plaintiff including from Plaintiff's personal email address
- Emails between Dean Hammett and Catherine Rand and between any Wofford employee regarding Plaintiff and/or the Title IX investigation
- Emails between the Title IX investigators and the participating parties.
- Internal correspondence between campus safety officers
- Correspondence where Plaintiff's class schedule was sent to Defendant Hogsed
- Security camera footage regarding the vandalism of Plaintiff's car
- Documents regarding the Snapchat and T-Mobile search warrants
- Copies of arrest warrants prepared in connection with the criminal case against Boswell including drafts and unsigned warrants
- Copies of Hogsed's notes in connection with the investigation and interviews in connection with his investigation of Plaintiff
- Correspondence between Plaintiff's counsel and Defendant Hogsed
- video footage of Abby Sutterlin's party
- Any documents or video/audio footage in connection with Lawson Dever's complaints against Plaintiff
- Emails or correspondence between Hogsed and Lawson Devers

Discovery Outstanding from Defendant Catherine Rand:

- Subsequent messages between Rand and Meg Santos for IMG_2044 message dated April 20 and IMG_5373 2 message dated May 09
- Date and time stamps as well as the continuations of the following messages:
    - IMG_5383
    - IMG_5384
    - IMG_5388

- IMG_2045
- Date and time stamps as well as the previous messages for IMG_5380 and IMG 5382
- Emails between Rand and Tristan Haskett
- Rand's entire journal as requested in Plaintiff's demand number 16
- All of Rand's Instagram posts regarding Plaintiff and/or sexual assault that were archived in the "TW <3" folder (only a selection of the posts were provided)
- An unobscured image of the post labeled "2023 black and gold"
- Rand's communications with Doug Smith that refer or relate to the events underlying the within action prior to his retention as set forth in WOFFORD-HOGSED_004211-004660 including Rand's notes as set forth in IMG_6322
- Communications concerning Rand providing Officer Elder with a voicemail Rand left for a friend on February 11th
- A complete production responsive to Plaintiff's request number "11. Any and all communications between Rand and any third party that refers to or relate in any way to the subject matter of this action including without limitation to the Complaint and to Rand's counterclaims."
  - According to Rand's response to Plaintiff interrogatory number 4 Rand communicated with a large number of individuals regarding her allegations against the Plaintiff including "her parents, Campus Safety Officer Elder, Campus Safety Officer Hogsed, Michelle Rice Johnson, Matthew Hammett, Sarah Batson, Doug Smith, Dr. Kim Rostan, Dean Roberta Hurley, Dean Elizabeth Wallace, Meg Santos, Micah Scott, Ben Heaton, Hank Tuttle, Logan Easler, Andrew Newport, Christian Wright, Genevieve Strickland, Ed. S., LMFT, Dr. Sarah Jones and/or Dr. Dean Kilpatrick, and unknown student[s]." However, Rand failed to produce any communications between Rand and the above named individuals with the exception of Meg Santos and certain Wofford staff.
- Authorizations for all of Rand's treating therapists. The discovery suggests that Rand treated with Healing Solutions LLC and at least two therapists in London, England during her semester abroad, who we do not have authorizations for.

Plaintiff has also not yet received medical records from Mission Neurology, Asheville Internal Medicine, or Asheville Women's Medical Center. However, Rand's counsel has provided Plaintiff with authorizations for those providers.

4

Given the fact that Plaintiff was recently provided with voluminous discovery and due to the discovery that remains outstanding Plaintiff believes it is necessary to extend the discovery deadline in this matter. Plaintiff's counsel respectfully requests a conference with the Court to discuss outstanding discovery issues.

Defendants Wofford's and Hogsed's positions are that there are no discovery disputes for the Court to oversee at this time. Defendants Wofford and Hogsed produced document productions and discovery responses on October 25, 2024. Upon resolving FERPA-related issues with Plaintiff's Counsel, Defendants Wofford and Hogsed produced supplemental document productions on November 25, 2024, and February 25, 2025. On March 24, 2025, Plaintiff's Counsel sent a deficiency letter and informed Defendants' Counsel that they were unable to open certain audio and/or video files in the supplemental document production sent via secure file transfer link on February 25, 2025. The deficiency letter did not contain any discussion of or written agreement to extend the time to comply with any discovery requests, as is required under Local Rule 37.01. Nor was any discussion or written agreement provided by Defendants' Counsel via email or by any other means, as Plaintiff's Counsel did not request such an extension.

Following the telephone conference with Judge Austin on March 31, 2025, Plaintiff's Counsel and Defendants' Counsel had a Microsoft Teams call, along with IT personnel for both Plaintiff's Counsel and Defendants' Counsel, on April 1, 2025, at 3:00pm ET to assist with the identification of technical issues and the opening of identified audio and/or video files. Defendants' Counsel notes that Plaintiff's Counsel claims that additional files were sent to them on April 1, 2025. However, this is not accurate. Defendants' Counsel's law firm previously used a program called Biscom for file transfers, but recently changed providers and now uses Access

Anywhere as of April 1, 2025. Defendants' Counsel cannot verify what Plaintiff's Counsel downloaded from Biscom when the files were originally transferred, but on Defendants' Counsel's end, the very same documents and files that were originally sent to Plaintiff's Counsel on February 25, 2025, were available to Plaintiff's Counsel via Access Anywhere during the April 1 call.

Despite this misunderstanding, the call was successful, and Plaintiff's Counsel shared their screen to show that they were able to open and play video files through the use of VLC Media Player. Defendants' Counsel requested that Plaintiff's Counsel send them a list of any audio and/or video files that they find they are unable to open following the call. As of the date of this Joint Status Report, Plaintiff's Counsel has not sent any such list, and so Defendants' Counsel assumes that Plaintiff's Counsel continues to have access to all files provided in Defendants' supplemental document production.

Defendants' original document and file production was sent to Plaintiff's Counsel in the manner in which it was kept in the normal scope of business, pursuant to Fed. R. Civ. P. 34(b)(E)(i). Plaintiff's Counsel has requested additional information about Defendants' responses to their production requests, so although not obligated to do so, in the spirit of cooperation, Defendants provided Plaintiff's Counsel with supplemental responses to Plaintiff's First Set of Requests for Production and have addressed Plaintiff's material inaccuracies regarding alleged discovery deficiencies to date in a letter dated April 3, 2025, which is attached for this Court's review. Defendants note that they believe Plaintiff's Counsel's April 3, 2025, deficiency letter mischaracterized Defendants' production and furthermore makes requests for files for the first time. These issues are noted in the attached letter, but Defendants' Counsel does not believe the Parties require this Court's assistance in resolving these issues at this time.

The current discovery deadline in this case under the Fourth Amended Scheduling Order remains May 2, 2025. Defendants' Counsel have requested Plaintiff's availability in April for his deposition via email correspondence to Plaintiff's Counsel on April 3, 2025. Defendants' Counsel sees no legitimate reason to further delay depositions in this case, and believes Plaintiff's and Defendant Rand's depositions should proceed in April. However, Defendants do not object to a short extension of discovery to complete additional depositions.

Defendant Rand's position is that all discovery that has been served upon her has been answered. Certain requests have been made by Plaintiff's counsel for more information to satisfy certain medical providers, and that information/those forms have been provided by Rand/her counsel upon request. Only on April 3, 2025 did Rand receive a deficiency letter from Plaintiff's Counsel pertaining to discovery responses that Rand served on Plaintiff on October 16, 2024. Some five months have passed since the responses were served upon Plaintiff. The undersigned is in the process of reviewing said letter on behalf of Rand and will respond to the deficiency letter sent by Plaintiff on April 3, 2025 on or before April 11, 2025. So the Court is aware, certain information sought by Plaintiff from Defendant Rand includes communications with one of her attorneys, Doug Smith. This information is privileged and will not be produced absent an Order from the Court requiring such if same becomes necessary.

In addition, counsel for Rand expects to send its deficiency letter to Plaintiff regarding discovery responses within the next 5 business days. Plaintiff was served with discovery to answer by Rand on April 30, 2024. Responses were received on August 9, 2024 and Plaintiff did supplement its discovery to Rand on March 3, 2025 with some additional documents. Rand has been made available for deposition by agreement of the parties on two occasions, including earlier

this week as the Court is now aware. Counsel for Rand does not object to a discovery extension to complete written discovery and depositions in this matter. It is expected that Rand will join Wofford in filing a motion for subpoena of military records satisfying the requirements of the Court in its Text Order regarding this same issue earlier this week.

Dated: April 4, 2025            Respectfully submitted,

**JACKSON LEWIS P.C.**

By: */s/ Laura A. Ahrens*
Laura A. Ahrens, Esq.
Monica H. Khetarpal, Esq.
15 South Main Street, Suite 700
Greenville, SC 29601
(864) 232-7000
Laura.Ahrens@jacksonlewis.com
Monica.Khetarpal@jacksonlewis.com

*Attorneys for Defendants Wofford College and David Hogsed*

**TALLEY LAW FIRM, P.A.**

By: */s/ Scott Talley*
Scott F. Talley, Esq.
291 S. Pine Street
Spartanburg, SC 29302
(864) 595-2966
Scott@talleylawfirm.com

*Attorneys for Defendant Catherine Rand*

**JOHNSON SMITH HIBBARD and WILDMAN**

By: */s/ Doug Smith*
William Douglas Smith, Esq.
PO Drawer 5587
Spartanburg, SC 29304
(864) 582-8121
dsmith@jshwlaw.com

*Attorneys for Plaintiff Graham Boswell*

**CINDY CRICK LAW LLC**

**By:** */s/ Cindy Crick*
Cindy Crick, Esq.
416 East North Street, Second Floor
Greenville, SC 29601
(864) 775-5788
cindy@cindycricklaw.com

       -and-

**NESENOFF & MILTENBERG, LLP**

Andrew T. Miltenberg, Esq. (*pro hac vice*)
Stuart Bernstein, Esq. (*pro hac vice*)
Helen Setton, Esq. (*pro hac vice*)
Seventh Avenue, Fifth Floor New
York, New York 10001 (212) 736-4500
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
hsetton@nmllplaw.com