**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| GRAHAM BOSWELL,<br><br>    Plaintiff,<br><br> v.<br><br>WOFFORD COLLEGE, CATHERINE RAND, AND DAVID HOGSED<br><br>    Defendants. | **SIXTH AMENDED CONFERENCE AND SCHEDULING ORDER**<br><br>C.A. No. 7:23-cv-05467-JDA |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case.

1. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **September 2, 2025**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. *See* Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3).

2. Discovery shall be completed no later than **September 2, 2025**. All discovery requests shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by discovery deadline. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02.

    **(The parties may, with the consent of all counsel, conduct discovery up to the time of trial, provided the deadlines in this Order are not affected.)**

3. A Rule 56 Conference shall be held no later than **September 30, 2025**.[1]

---

[1] Counsel for the moving party shall initiate the scheduling of the Rule 56 Conference and shall provide a complete, proposed statement of undisputed material facts to the non-moving party at least 5 days before the conference as outlined in the Summary Judgment Motion Procedures for Judge Austin. *See* "Austin Rule 56" under Judge Austin: Form Orders and Instructions on the District of South Carolina website.

4. All other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed no later than **October 31, 2025**.[2]

5. Mediation, pursuant to Local Civil Rules 16.04–16.12, shall be completed in this case no later than **September 16, 2025**.[3] *See* Mediation Requirements for Judge Austin, "Austin Mediation Requirements" under Judge Austin: Form Orders and Instructions on the District of South Carolina website. **At least thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the mediation requirements; (2) discussed the availability of mediation with the party; and (3) discussed the timing of mediation with opposing counsel. The parties are directed to complete the attached Mediation Initiation Form and return it to the Court no later than thirty (30) days prior to the mediation deadline.

6. This case is subject to being called for jury selection and/or trial the later of 60 days after dispositive motions have been resolved or on or after **November 14, 2025**[4]. Once a specific jury selection and trial date are scheduled, a NOTICE will be issued at that time. The Notice will set forth deadlines for the Fed. R. Civ. P. 26(a)(3) pretrial disclosures and objections, motions in limine, pretrial briefs, and marking of exhibits.

---

[2] Motions for summary judgment shall comply with the requirements outlined in the Summary Judgment Motion Procedures for Judge Austin. *See* "Austin Rule 56" under Judge Austin: Form Orders and Instructions on the District of South Carolina website.

[3] Attorneys primarily responsible for handling the trial, parties, and/or insurer representatives with full settlement authority are ordered to be present in person and will only be excused for good cause shown. "Full settlement authority" for the defendant means an individual who can decide to offer the plaintiff a sum up to the existing demand of the plaintiff or the policy limits of any applicable insurance policy, whichever is less. "Full settlement authority" for the plaintiff means the plaintiff himself or herself or a representative of the plaintiff who can make a binding decision on behalf of the plaintiff or plaintiffs. At the mediation, primary trial counsel, along with parties and/or their insurer representatives, should be prepared to negotiate on this case in a mutual, good faith effort to reach a fair and reasonable settlement.

[4] The trial of this matter will be held in abeyance during Plaintiff's overseas deployment with the United States Army.

**IT IS SO ORDERED.**

s/Jacquelyn D. Austin  
UNITED STATES DISTRICT JUDGE

June 13, 2025  
Greenville, South Carolina

Pursuant to Local Civil Rule 83.I.06, this Order is being sent to local counsel only.