IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| GRAHAM BOSWELL, | ) | Case No. 7:23-cv-05467-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **SEVENTH AMENDED AND FINAL** |
| | ) | **CONFERENCE** |
| WOFFORD COLLEGE, CATHERINE | ) | **AND SCHEDULING ORDER** |
| RAND, and DAVID HOGSED, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case.

1. A Rule 56 Conference shall be held no later than **November 30, 2025**.[1]

2. All other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed no later than **December 31, 2025**.[2]

3. Mediation, pursuant to Local Civil Rules 16.04–16.12, shall be completed in this case no later than **November 16, 2025**.[3] *See* Mediation Requirements for Judge Austin, "Austin

---

[1] Counsel for the moving party shall initiate the scheduling of the Rule 56 Conference and shall provide a complete, proposed statement of undisputed material facts to the non-moving party at least 5 days before the conference as outlined in the Summary Judgment Motion Procedures for Judge Austin. *See* "Austin Rule 56" under Judge Austin: Form Orders and Instructions on the District of South Carolina website.

[2] Motions for summary judgment shall comply with the requirements outlined in the Summary Judgment Motion Procedures for Judge Austin. *See* "Austin Rule 56" under Judge Austin: Form Orders and Instructions on the District of South Carolina website.

[3] Attorneys primarily responsible for handling the trial, parties, and/or insurer representatives with full settlement authority are ordered to be present in person and will only be excused for good cause shown. "Full settlement authority" for the defendant means an individual who can decide to

  Mediation Requirements" under Judge Austin: Form Orders and Instructions on the District of South Carolina website. **At least thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the mediation requirements; (2) discussed the availability of mediation with the party; and (3) discussed the timing of mediation with opposing counsel. The parties are directed to complete the attached Mediation Initiation Form and return it to the Court no later than thirty (30) days prior to the mediation deadline.

4. This case is subject to being called for jury selection and/or trial the later of 60 days after dispositive motions have been resolved or on or after **January 14, 2026**. Once a specific jury selection and trial date are scheduled, a NOTICE will be issued at that time. The Notice will set forth deadlines for the Fed. R. Civ. P. 26(a)(3) pretrial disclosures and objections, motions in limine, pretrial briefs, and marking of exhibits.

  **IT IS SO ORDERED.**

                s/Jacquelyn D. Austin
                UNITED STATES DISTRICT JUDGE

September 11, 2025
Greenville, South Carolina

  Pursuant to Local Civil Rule 83.I.06, this Order is being sent to local counsel only.

---

offer the plaintiff a sum up to the existing demand of the plaintiff or the policy limits of any applicable insurance policy, whichever is less. "Full settlement authority" for the plaintiff means the plaintiff himself or herself or a representative of the plaintiff who can make a binding decision on behalf of the plaintiff or plaintiffs. At the mediation, primary trial counsel, along with parties and/or their insurer representatives, should be prepared to negotiate on this case in a mutual, good faith effort to reach a fair and reasonable settlement.