IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| GRAHAM BOSWELL,<br><br>                          Plaintiff,<br><br>V.<br><br>WOFFORD COLLEGE, CATHERINE RAND, AND DAVID HOGSED<br><br>                          Defendants. | C.A. No. 7:23-cv-05467-JDA |

## OPPOSITION TO REQUEST FOR HEARING

Plaintiff Graham Boswell ("Plaintiff") by and through his undersigned counsel opposes Defendants Wofford College ("Wofford") and David Hogsed's ("Hogsed") untimely request for a hearing regarding the remaining deadlines in this action.

On June 11, 2025, a telephone conference was held before the Honorable Jacquelyn D. Austin with counsel for all parties present, as set forth in the Minute Entry filed on June 12, 2025. Doc. No. 87. Counsel discussed with Judge Austin, inter alia, Plaintiff's overseas deployment with the U.S. Army and specifically that the only dates that would be affected by the deployment were jury selection and/or trial.

On June 13, 2025, Judge Austin So Ordered the Sixth Amended Conference and Scheduling Order Doc. No.: 92. The Order specifically stated at footnote 4: "The trial of this matter will be held in abeyance during Plaintiff's overseas deployment with the United States Army." Pursuant to the Order, discovery was to be completed by September 2, 2025. The parties completed discovery in accordance with the Order.

On September 3, 2025, counsel for all parties discussed filing a consent motion for the extension of the mediation and Rule 56 Conference deadline and circulated draft motions. When counsel for Defendant Catherine Rand suggested seeking to extend the since past discovery deadline, Plaintiff's counsel clearly stated that Plaintiff did not consent to an extension of the discovery deadline that had already expired without objection and that Plaintiff would oppose any such extension request. Counsel for Defendants Wofford and Hogsed consented to extending the mediation and Rule 56 deadlines without any mention of extending the discovery deadlines. Accordingly, counsel for Plaintiff submitted the consent motion for the Court's consideration on September 9, 2025. Doc. No. 100.

On September 11, 2025, Judge Austin So Ordered the Seventh Amended Conference and Scheduling Order Doc. No.: 104. The Order directed that mediation be completed by November 16, 2025 and that a Rule 56 Conference shall be held no later than November 30, 2025. Footnote one further provided: "Counsel for the moving party shall initiate the scheduling of the Rule 56 Conference and shall provide a complete, proposed statement of undisputed material facts to the non-moving party at least 5 days before the conference as outlined in the Summary Judgment Motion Procedures for Judge Austin."

On November 11, 2025, the parties engaged in mediation. The mediation proved unsuccessful as between Defendants Wofford, Hogsed, and Plaintiff.

The parties successfully completed discovery and mediation all while Plaintiff was deployed overseas.

On November 13, 2025, counsel for Defendants Wofford and Hogsed Laura Aherns filed a Notice of Request for Protection from Court Appearance for the period of November 17, 2025, through November 24, 2025, due to an international vacation. Doc. No. 108.

On November 24, 2025, counsel for Defendants Wofford and Hogsed requested that the parties file a consent motion to extend the remaining deadlines as the Plaintiff was deployed in Poland and for "additional discovery". Plaintiff's counsel respectfully responded that: "Plaintiff does not consent to this motion nor to reopen discovery as it has been closed since September 3, 2025. As per the Sixth Scheduling Order the Court took into account the Plaintiff's overseas deployment with regards to the trial date."

On November 26, 2025, counsel for Defendants Wofford and Hogsed Ms. Aherns filed a Request for Hearing, stating that she is accepting new employment and as such "defense counsel request additional time to ensure defense counsel is up to speed prior to the current motions deadline and trial in this case." Doc. No. 110.

Also on November 26, 2025, Ms. Aherns for the first time contacted Plaintiff's counsel regarding scheduling a Rule 56 conference for December 1, 2025 (past the time allotted for by the Court's Seventh and Final Scheduling Order) and sent a Proposed Statement of Undisputed Facts, just hours before the office was closed for the Thanksgiving holiday (also past the time allotted for by the Court's Seventh and Final Scheduling Order).

Counsel for Defendants Wofford and Hogsed were aware of the motion deadlines for months. Defendants' counsel has provided no justification whatsoever for their delay in following the deadlines set forth in the Seventh and Final Scheduling Order. Counsel was aware of the deadline prior to going on vacation, but chose not to contact Plaintiff's counsel or submit a Proposed Statement of Undisputed Facts, until after the deadline ordered by the Court. Plaintiff should not be unfairly prejudiced by having to oppose a late motion for summary judgment motion due to Defendants' failures to abide by the Court's deadlines.

Judge Austin's rules specifically provide that: "Motions for extension of time should not be filed on the date of the current deadline. Motions filed on the date of the current deadline will be denied barring a showing of extraordinary circumstances." Defendants have failed to provide any extraordinary circumstances to excuse their failure to meet the motion deadlines.

Plaintiff's deployment overseas is being used as a red herring to seek untimely extensions of Defendants' motion deadline and unfairly prejudice Plaintiff. It should also be noted that Defendants' counsel Jackson Lewis, P.C., indicates on its website it has over 1,000 attorneys at its disposal. Moreover, the partner on this matter, Ms. Monica H. Khetarpal, has not indicated that she is leaving the firm.

Plaintiff would be unfairly prejudiced by having to oppose a late filed motion due to Defendants' failure to comply with the Court's deadlines. Accordingly, Plaintiff opposes Defendants' untimely request to extend the deadlines in the Seventh and Final Scheduling Order. Submitted this 1st day of December 2025.

**Respectfully submitted,**

**/s/Deborah B. Barbier**
**Deborah B. Barbier (Federal ID 6639)**
**Deborah B. Barbier, LLC**
**1811 Pickens Street**
**Columbia, SC 29201**
**dbb@deborahbarbier.com**
**803-445-1032**

**NESENOFF & MILTENBERG, LLP**
**Andrew T. Miltenberg, Esq. (pro hac vice)**
**Stuart Bernstein, Esq. (pro hac vice)**
**Helen Setton, Esq. (pro hac vice)**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**
**amiltenberg@nmllplaw.com;**
**sbernstein@nmllplaw.com;**
**hsetton@nmllplaw.com**