IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

Graham Boswell,

Plaintiff,

v.

Wofford College, David Hogsed,

Defendants.

Case No. 7:23-cv-05467-JDA

**OPINION AND ORDER**

This matter is before the Court following a Text Order to Show Cause. [Doc. 155; *see also* Docs. 157; 158.] For the reasons stated herein, the Court vacates its Opinion and Order granting summary judgment to Defendants [Doc. 153] and the corresponding judgment [Doc. 154]. The Court will issue an Amended Opinion and Order on Defendants' motion for summary judgment and an amended judgment.

## BACKGROUND

On September 30, 2026, the Court entered an Opinion and Order granting Defendants' motion for summary judgment. [Doc. 153.] Subsequently, the Court entered judgment in Defendants' favor. [Doc. 154.] Relevant here, the Court granted summary judgment to Defendant Hogsed on Plaintiff's Fourth Amendment malicious prosecution claim brought pursuant to 42 U.S.C. § 1983. [Doc. 153 at 13–22.] Regarding Plaintiff's argument as to whether Defendant Hogsed made material omissions to the warrant-issuing magistrate judge, the Court concluded that "the record is bereft of evidence suggesting that Hogsed intentionally or recklessly misled the magistrate judge." [*Id.* at 19 (emphasis omitted).] The Court discussed intentionality only; it did not go on to discuss

the materiality of the omitted information or the existence of probable cause generally. [*See generally id.* at 19–22.]

On October 5, 2026, the Court issued a Text Order to Show Cause. [Doc. 155.] The Order stated the following:

> Upon further review of the parties' briefs, the record, and the applicable law, the Court believes that its September 30, 2026 Opinion and Order may contain a clear error of law within the meaning of Rule 59(e) of the Federal Rules of Civil Procedure. Specifically, the Court understands Plaintiff to be arguing that, separate and apart from Hogsed's subjective intent in making the discussed omissions, the seizure was effected pursuant to legal process unsupported by probable cause. [See Doc. 149 at 20 (citing *Brooks v. City of Winston-Salem,* 85 F.3d 178, 181-82 (4th Cir. 1996)).] To this end, the Court has located authority in the Fourth Circuit indicating that a plaintiff may prevail on a Fourth Amendment malicious prosecution claim based upon the absence of probable cause alone. *See, e.g., Brooks*, 85 F.3d at 184 n.5 ("We recognize that actual malice is an element of a malicious prosecution claim at common law. And, common-law principles provide the appropriate starting point for determining the elements of § 1983 actions. However, the Supreme Court has indicated that the reasonableness of a seizure under the Fourth Amendment should be analyzed from an objective perspective. Thus, we conclude that the subjective state of mind of the defendant, whether good faith or ill will, is irrelevant in this context." (cleaned up)); *see also Malley v. Briggs*, 475 U.S. 335, 345 n.7 (1986) (holding a judge's decision to issue a warrant does not "break[ ] the causal chain" between the application for a warrant and an unlawful arrest); *Thurston v. Frye*, 99 F.4th 665, 676 (4th Cir. 2024) ("[A]ccepting the facts as the district court has given them to us, [the defendants] lacked probable cause to arrest [the plaintiff] for any of the crimes alleged in the warrant... notwithstanding the deference that magistrates deserve.")

[*Id.*] Accordingly, the Court ordered Defendants to show cause why the Court should not vacate its Opinion and Order granting summary judgment to Defendants and the corresponding judgment so that the Court could issue an Amended Opinion and Order

specifically addressing the existence of probable cause or, if applicable, Hogsed's asserted good-faith defense. [*Id.*] Defendants filed a response on October 16, 2026 [Doc. 157], and Plaintiff filed a reply on October 23, 2026 [Doc. 158].

**APPLICABLE LAW**

According to Rule 59(e) of the Federal Rules of Civil Procedure, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Fourth Circuit has recognized only three grounds for granting relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. v. Am. Nat'l Fire Ins.*, 148 F.3d 396, 403 (4th Cir. 1998). "[T]he rule permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Id.* (internal quotation marks omitted). However, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal quotation marks omitted).

Relevant here, a court may amend the judgment pursuant to its own motion so long as it acts within Rule 59(e)'s time limits. *See Burnam v. Amoco Container Co.*, 738 F.2d 1230, 1232 (11th Cir. 1984) (holding that a district court may, sua sponte, consider the availability of Rule 59(e) relief, so long as it acts within the applicable time period); *Cristobal v. Siegel*, 2014 Guam 16 ¶ 18 (Guam July 7, 2014) (collecting cases); *Hickman v. Fla. Dep't of Corr.*, No. 4:18cv382-MW/MAF, 2020 WL 14031989, at *1 (N.D. Fla. Dec. 3, 2020) (vacating a judgment sua sponte). Here, the Court entered judgment on October 1, 2026. Accordingly, the instant Order is timely.

**DISCUSSION**

The Court concludes that its September 30, 2026 Opinion and Order contains a clear error of law within the meaning of Rule 59(e) of the Federal Rules of Civil Procedure. *See Nicholson v. Durant*, 162 F.4th 417, 422 (4th Cir. 2025) ("A court's decision is free from clear error when it is factually supported and legally justified." (internal quotation marks omitted)).

To prove a malicious prosecution claim under § 1983, a plaintiff must establish that (1) the defendant seized the plaintiff "pursuant to legal process that was not supported by probable cause" and (2) the criminal proceedings terminated in the plaintiff's favor. *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (internal quotation marks omitted).

Certainly, a plaintiff arrested pursuant to a facially valid warrant may prove his malicious prosecution claim under § 1983 by showing that the defendant deliberately or recklessly withheld material information from the warrant-issuing magistrate judge. *See Miller v. Prince George's Cnty.,* 475 F.3d 621, 627 (4th Cir. 2007); *Humbert v. Mayor & City Council of Balt. City*, 866 F.3d 546, 555–56 (4th Cir. 2017). To the extent a plaintiff lodges this specific argument, a court may grant summary judgment to the defendant based upon the absence of a deliberate or reckless state of mind. *See Quarles v. Weeks*, 815 F. App'x 735, 738 (4th Cir. 2020) ("Our review of the record reveals that, even if the information [the defendant] omitted and misrepresented was material, [the plaintiff] failed to establish that [the defendant] acted deliberately or with reckless disregard."). The Court did not clearly err in this narrow respect: regarding Plaintiff's argument that Hogsed's omissions violated the Fourth Amendment, the Court concluded that "the record

is bereft of evidence suggesting that Hogsed intentionally or recklessly misled the magistrate judge." [Doc. 153 at 19 (emphasis omitted).]

Nevertheless, a plaintiff may *also* prove his malicious prosecution claim under § 1983 by showing that the defendant lacked probable cause to effectuate the arrest, separate and apart from the intentional-omissions issue. *See, e.g., Brooks*, 85 F.3d at 184 n.5 ("[T]he subjective state of mind of the defendant, whether good faith or ill will, is irrelevant in [the Fourth Amendment malicious prosecution] context."); *Thurston*, 99 F.4th at 673 (noting that the plaintiff "carries his burden on the first question if he shows that there was no probable cause to arrest him"); *MacDonald v. Anderson Cnty. Sheriff's Office*, No. 21-6225, 2022 WL 4376083, at *2 (4th Cir. Sept. 22, 2022) (unpublished) (discussing, as an initial matter, whether probable cause supported the plaintiff's arrest, then going on to discuss the plaintiff's specific argument that the defendant deliberately or recklessly omitted material facts from the warrant-issuing magistrate judge); *Quarles*, 815 F. App'x at 737–38 (same). As previously noted, Plaintiff appears to argue in his response to Defendants' motion to dismiss that Defendants lacked probable cause to arrest Plaintiff. [*See* Doc. 149 at 20 (citing *Brooks,* 85 F.3d at 181–82).] Accordingly, the Court erred by not specifically addressing whether Plaintiff's arrest was effectuated pursuant to probable cause. [*See generally* Doc. 153.] The Court will thus issue an Amended Opinion and Order addressing the existence of probable cause, Hogsed's asserted good-faith defense, and/or, if applicable, the effect of those determinations on Plaintiff's remaining claims.

## **CONCLUSION**

Based on the foregoing reasons, the Court's Opinion and Order granting summary judgment to Defendants [Doc. 153] and the corresponding judgment [Doc. 154] are VACATED. The Court will issue an Amended Opinion and Order on Defendants' motion for summary judgment and an amended judgment.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

October 27, 2026
Greenville, South Carolina